1  Elan S. Mizrahi (No. 017388)
E-mail:  esm@jhc-law.com
2  John M. Sticht (No. 023484)
E-mail:  jms@jhc-law.com
3  **JENNINGS, HAUG & CUNNINGHAM, LLP**
2800 North Central Avenue, Suite 1800
4  Phoenix, Arizona 85004-1049
Telephone:  602-234-7800
5  Facsimile:    602-277-5595

6  Attorneys for Petitioner American Legal Funding

7

8                  **UNITED STATES DISTRICT COURT**

9                       **DISTRICT OF ARIZONA**

| | |
|---|---|
| In the Matter of the Arbitration Between | Case No.: |
| American Legal Funding, L.L.C., | **PETITION TO CONFIRM ARBITRATION AWARD** |
| Petitioner, | **(9 U.S.C.  § 9)** |
| and | |
| Rayford L. Etherton, Jr., | |
| Respondent. | |

18        The petition of American Legal Funding, L.L.C. shows:

19                  **JURISDICTIONAL ALLEGATIONS**

20        1.        Petitioner American Legal Funding, L.L.C. (hereinafter "ALF") is a

21  limited liability corporation organized and existing under the laws of the State of

22  Arizona with its principal place of business in Phoenix, Arizona.

23        2.        Respondent Rayford L. Etherton ("Etherton") is an individual residing

24  in Mobile, Alabama and a citizen of the State of Alabama.

25        3.        There is complete diversity of citizenship between the parties and

26  more than $75,000, exclusive of interest and costs, is at stake in this controversy; so

1    that this court has jurisdiction of this matter pursuant to the provisions of 28 U.S.C.

2    § 1332(a)(1).

3        4.      Venue is proper in this Court in accordance with Paragraph 16 of the

4    agreements of the parties that venue "shall lie in the Judicial District Court for

5    Maricopa County, Arizona" and that "any and all Federal lawsuits related to or

6    arising from this agreement shall be filed and maintained in the Federal

7    Courthouse located in Phoenix, Arizona."

8                        **FINALITY OF ARBITRATION AWARD**

9        5.      On or about April 2, 2007 and May 2, 2007, ALF and Etherton entered

10   into agreements in writing for Consensual Equity Lien and Security (the

11   "Agreements") wherein ALF agreed to provide Etherton with a portion of his

12   potential settlement in advance during the pendency of lawsuits against various

13   law firms.  True and correct copies of the Agreements are attached to this petition

14   as Exhibit 1.

15       6.      Paragraph 17 of the Agreements provides that any controversies

16   between the parties arising under the Agreements must be submitted to binding

17   arbitration.  This Court has power to enter a judgment on any award resulting from

18   arbitration because the arbitration award was a final and nonappealable decision

19   on the controversy arbitrated.  The Agreements provided that the arbitration

20   would be conducted pursuant to the Rules of the American Arbitration Association

21   in Arizona.  In particular, Rule 48(c) of those Rules expressly provides that

22   "[p]arties to an arbitration under these rules shall be deemed to have consented

23   that judgment upon the arbitration award may be entered in any federal or state

24   court having jurisdiction thereof."

25       7.      In or around January 2008, a dispute arose between the parties that

26   was subject to the arbitration provision of the Agreements.  The dispute involved

1   Etherton's claim that he had no obligation to ALF under the Agreements because
2   they only applied to proceedings in federal court in New York and not to
3   proceedings later filed in federal court in the District of Columbia against the same
4   law firms; while ALF contended the Agreements applied to any settlement arising
5   from Etherton's claims against those law firms irrespective of the venue.

6          8.     Pursuant to the arbitration clause of the Agreements, the parties
7   submitted the dispute to arbitration before Donald R. Alvarez, Esq. (the
8   "Arbitrator").  ALF submitted a Motion for Summary Judgment to the Arbitrator
9   on or about February 25, 2008.  Etherton submitted a Response and Cross-Motion
10  for Summary Judgment and ALF submitted a Reply in Support of the Motion for
11  Summary Judgment on or about April 2, 2008.  The Arbitrator held oral argument
12  on the Motions on April 7, 2008, during which all parties appeared and
13  participated.

14         9.     On or about April 9, 2008, the Arbitrator issued an Order to the parties
15  granting summary judgment in favor of ALF and asking the parties to state
16  whether there were any remaining issues that needed to be addressed or that
17  required an evidentiary hearing.   The parties confirmed that no further
18  proceedings were necessary to dispose of the case.

19         10.    As a result, the Arbitrator issued a written Final Award, a true copy of
20  which is attached hereto and marked as Exhibit 2, on May 13, 2008.  In the Final
21  Award, the Arbitrator found and determined against Etherton, *inter alia*, as follows:

22                A.     ALF had a valid, subsisting and enforceable equitable lien upon
23                       Etherton's settlement proceeds arising from his claims against
24                       the various law firms as settled in the U.S. District Court,
25                       District of Columbia, Case No. 1:07-cv-02314-JDB.

26  / / /

B.    The Arbitrator awarded ALF the amount of $225,000.00, plus $10,000 per month accruing on the 9th day of each month following April 9, 2008, until paid, pursuant to the terms of the Agreements.

C.    Furthermore, the Arbitrator awarded ALF the additional sum of $8,650.00, representing the administrative fees and expenses of the American Arbitration Association and the compensation and expenses of the Arbitrator, upon demonstration that those incurred costs had been paid.

D.    Finally, the Arbitrator awarded ALF its costs in the amount of $200.00 and attorney's fees in the amount of $4,293.00, together with interest thereon at the rate of 10% per annum from that date of the award, May 13, 2008, until paid.

11.    Etherton has failed to voluntarily satisfy the arbitration award. Furthermore, Etherton has failed to cooperate in ALF's enforcement of its lien, and the law firm purportedly holding Etherton's settlement funds subject to ALF's lien has failed to honor said lien or otherwise cooperate with ALF, all despite ALF's demands therefor.

12.    This petition is authorized by the terms of the arbitration clause of the Agreements, Section 9 of the Federal Arbitration Act, and the Uniform Arbitration Act as codified in A.R.S. § 12-2501, *et seq*.

13.    This petition is timely because it is filed within one year after the Final Award was made.

WHEREFORE, Petitioner American Legal Funding, L.L.C. prays that:

1.    As authorized by Section 9 of the Federal Arbitration Act, this Court confirms the arbitrator's award to be entered as a judgment of this Court.

4

2.     In accordance with Paragraph 17 of the Agreements of the parties, A.R.S. §§ 12-341 and 12-341.01, and the Final Award, this Court award Petitioner its reasonable attorneys' fees and costs incurred herewith.

3.     This Court award any and all such other relief as is warranted under the circumstances.

DATED this 27th day of May, 2008.

JENNINGS, HAUG & CUNNINGHAM, LLP


s/Elan S. Mizrahi
Elan S. Mizrahi
John M. Sticht
Attorneys for Petitioner American Legal
Funding

4309-0001

# EXHIBIT 1

## American Legal Funding LLC / ALFund AZ1, LLC FAX

**Date:**   4/2/2007

**To:**   **Rayford Etherton**
Phone: 917-561-5741          Fax: 251-208-6889

**From:**   American Legal Funding LLC/ALFund AZ1 LLC
Jeff Huff, Presiding Member
Phone: 480-444-2334          Fax: 602-954-2218

**Subject:**   **Schedule A - Funding Approval for Rayford Etherton**

We have approved an advance for you $50,000.00 with the following fee structure*. Additional advances may be available in the future subject to review of updated information from your attorney.

$70,000.00 **if full payment is made no later than May 09, 2007**
$70,000.00 **if full payment is made after May 09, 2007 but no later than June 09, 2007**
$70,000.00 **if full payment is made after June 09, 2007 but no later than July 09, 2007**
$70,000.00 **if full payment is made after July 09, 2007 but no later than August 09, 2007**
$75,000.00 **if full payment is made after August 09, 2007 but no later than September 09, 2007**
$80,000.00 **if full payment is made after September 09, 2007 but no later than October 09, 2007**
$85,000.00 **if full payment is made after October 09, 2007, thereafter an additional $5,000.00 per additional month.**

(*above payments include advance of $50,000.00)

**This offer will be available until 5:00 pm MST on 04-09-2007. If this offer meets with your approval, sign below and fax this offer back to us. We will then prepare the official security agreement and letter of instructions for you and your attorney's (Allen C. Wasserman) final review and approval.**

A date will be set to execute these additional documents and a check for $50,000.00 will be distributed from our company upon the completion of all documents and requirements. Checks may be sent over night for $25.00 and a cashiers checks may be issued, if needed, for an additional $25.00 fee. All fees will be deducted from the $50,000.00 advance.

Respectfully,

Jeff Huff, Presiding Member
American Legal Funding LLC/ALFund AZ1 LLC

Accepted on this date 04 / 03 /200 7

By:

Signature of Rayford Etherton

**SIGN & DATE**

---

**American Legal Funding LLC/ALFund AZ1 LLC**
2334 East Osborn Road * Phoenix, AZ 86016 * Phone: 480-444-2334 * Fax: 602-954-2218
www.Americanlegalfunding.com * info@Americanlegalfunding.com

NOTICE: CONFIDENTIAL INFORMATION – The information contained in this facsimile is privileged, confidential, and/or exempt from disclosure under applicable law and is intended solely for the use of the individual or entity named above. If the reader of this message is not the intended recipient, employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying or unauthorized use of this communication is hereby prohibited. If you have received this facsimile in error, please notify sender immediately by telephone so that arrangements can be made to retrieve the facsimile at no cost to you.

**ALFund , LLC CONSENUAL EQUITY LIEN AND SECURI .GREEMENT**

This **CONSENUAL EQUITY LIEN AND SECURITY AGREEMENT** (the 'Agreement') is made and entered into this date 04 / 03 /200 ✗ by and between ALFund AZ1, LLC (hereafter named **TRANSFEREE**), 2334 East Osborn Road, Phoenix, AZ 85016, an Arizona Corporation and Rayford Etherton, an individual, Social Security #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, hereafter referred to as (**TRANSFEROR**). Together jointly referred to as the 'Parties'.

**WITNESSETH**

Whereas, TRANSFEROR has a claim against and/or is a plaintiff in an action(s) or law suit(s) or case(s) or settlement proceedings (hereafter referred to as 'Proceedings") in the State of NY, County of New York, against the Defendant(s): Provost & Umphrey; Rubin, Winston, Diercks, Harris & Cook; Pinnacle Law Group, whose insurance provider is _____. Policy Number: _____, Claim Number: CV 600818/07.

Whereas, the Defendant's insurance provider(s) is/are defending and/or settling such Proceedings, arising out of an act of negligence, accident or other incident on or about 06-28-2005 in which the Defendant caused TRANSFEROR to suffer serious damages, physical injuries, or aggravations of previously existing conditions, and;

Whereas, TRANSFEROR does not have sufficient funds to adequately pay for the necessities of life during the pendency of the Proceedings and/or pay the necessary legal or medical costs attendant to the Proceedings, has no assets against which they can or desires to borrow, and is under economic pressure to resolve their Proceedings for less than what TRANSFEROR believes to be the Proceedings's full/fair value, and by entering into this Lien and Security Agreement to obtain a cash advance, such actions may assist the TRANSFEROR in mitigating their damges to protect the value of their claims, and;

Whereas, the Defendants in the TRANSFERORS Proceedings have at this time, failed to make a reasonable offer or declined payment of an amount of compensation that TRANSFEROR considers fair or adequate, and that it will take an undetermined amount of time through continued legal actions to negotiate, persuade or otherwise prevail upon the Defendants and/or their insurance representatives to pay the TRANSFEROR the amount appropriate and necessary to compensate TRANSFEROR for the injuries/damages suffered, and;

Whereas, in order to afford TRANSFEROR sufficient funds to adequately pay for the necessities of life during pendency of the Proceedings and/or necessary legal and medical costs attendant to the Proceedings, TRANSFEREE has agreed to make an advancement of funds to TRANSFEROR and take a LIEN on certain proceeds which may arise from settlement, judgment or other conclusion resulting from the Proceedings. TRANSFEREE acknowleges that the outcomes of a settlement, judgment or other conclusion resulting from the Proceedings is uncertain and involves risks beyond the parties' control which could result in no payment or recovery of Proceeds by the TRANSFEROR(s) of the Proceedings against the Defendant or others arising out of this or related to this Proceedings.

Now, THEREFORE, in consideration of the sum $50,000.00 cash in hand paid and other good and valuable consideration, the receipt and acceptability of which is hereby acknowledged, TRANSFEREE and TRANSFEROR do hereby agree as follows:

1. TRANSFEROR acknowledges that they have been informed by TRANSFEREE that alternative methods of obtaining financial assistance which provide more favorable rates, fees or payment schedules may be available elsewhere from other than from TRANSFEREE including, among others, credit cards advances, bank loans or personal loans from family or friends. TRANSFEROR agrees that securing an advance of funds from TRANSFEREE is in their best interests and will greatly assist them in mitigating their damages and protecting their assets.

2. TRANSFEROR unconditionally and irrevocably transfers and conveys to TRANSFEREE all of TRANSFEROR'S control, right, title and interest up to up to the the maximum allowed under Schedule A - Funding Approval for Rayford Etherton paid to TRANSFEROR from Proceeds (hereinafter defined as the gross amount of the recovery from the Proceedings less the TRANSFEROR'S attorneys fees of _____ of the settlement or _____ at trial and actual case preparation costs and any other liens previously disclosed in Scheduled B as attached which have been perfected prior to TRANSFEREE's liens) or other recovery derived from the Proceedings.

3. TRANSFEROR hereby grants to TRANSFEREE a security interest in the Proceeds of the Proceedings in the minimum sum of $70,000.00 and a maximum sum of up to the the maximum allowed under Schedule A - Funding Approval for Rayford Etherton (see offer letter/Schedule A dated 04-02-2007 and to be considered a part of this agreement) to secure the conveyance, subject to the terms and conditions of this Agreement.

Transferor _____

Copyright 2005
American Legal Funding LLC

Page 1 of 4
CONFIDENTIAL

Transferee _____

4. TRANSFEROR understands the above-mentioned advance of funds by the TRANSFEREE to be an investment, and not a loan. TRANSFEREE acknowledges it is making an INVESTMENT in certain proceeds which may arise from settlement, judgment or other conclusion resulting from the Proceedings and as such, the TRANSFEREE understand that if there is no payment or recovery of Proceeds by the TRANSFEROR of the Proceedings against the Defendant or others arising out of this or related to this Proceedings, TRANSFEROR will owe the TRANSFEREE no money. When the Proceedings referred to herein is settled or concluded, and all Proceeds and lien amounts agreed upon are paid to TRANSFEREE in full, TRANSFEROR will owe no additional money to TRANSFEREE.

5. The Parties acknowledge that this Agreement is expressly intended to transfer, convey and relinquish control over only a specified portion of the Proceeds which may flow from, and as a result of the Proceedings referred to above. This agreement is not an assignment of case, nor a purchase of any right, chose in action, cause of action, or claim which TRANSFEROR may have or possess as against any responsible party, respondent or defendant referred to herein. No control, input, influence, right of involvement of any kind as concerns claim, right, or interest of TRANSFEROR in the Proceedings is contemplated by any party to this Agreement.

6. TRANSFEROR confirms they have sought and obtained the advice of legal counsel with respect to the Agreement. TRANSFEROR agrees to direct their attorney to execute Schedules B&C of the Agreement. By the attorney's execution of Schedules B&C of the Agreement, TRANSFEROR acknowledges that the attorney has agreed to disburse the Proceeds as set forth herein above and in the attached **Letter of Instructions, Schedule C.**

7. The Parties to this agreement acknowledge that by execution hereof, TRANSFEROR'S attorney is solely and merely following TRANSFEROR'S instructions. TRANSFEROR'S attorney is making neither representation nor guarantee, inferred, expressed or implied, concerning either merits or value of the claims(s) or Proceedings matter(s) referred to herein to any Party. Further, all Parties to this agreement acknowledge that TRANSFEROR'S attorney assumes no affirmative duties herein other than the ministerial obligations of disbursement, and conveying information conveyed herein.

8. TRANSFEROR understands and agrees that if the Law Firm of Record, Lord, Bissell & Brook, LLP, is discharged or otherwise relieved of its responsibilities to TRANSFEROR in this Proceedings, the TRANSFEREE's obligations under this Agreement shall remain in full force and effect. Upon the Law Firm of Record being relieved of its responsibilities, the engagement of other attorneys or other parties (including the TRANSFEROR) to pursue the TRANSFEROR's claims, TRANSFEROR shall be required to provide written notice including name, address, phone, fax and email, by certified mail, to TRANSFEREE within three (3) business days. TRANSFEROR agrees that TRANSFEREE has the right to protect its interest in this Agreement though all legal remedies incuding but not limited to notifying any parties involved in the TRANSFEROR's claim, further perfecting the liens under the Agreement.

9. TRANSFEROR hereby authorizes his attorney to release to TRANSFEREE any/all information, files, records and documents for the duration of this agreement regarding the Proceedings requested by TRANSFEREE within 48 hours, who agrees to treat such information as confidential and who shall receive and review these materials solely in the limited capacity necessary for the initial review and underwriting process as well as the ongoing execution and maintenance of this Agreement. Furthermore, TRANSFEROR instructs his/her attorney to notify TRANSFEREE by both fax 602-954-2218 and phone 480-444-2334 of any settlement (including the final settlement of accounting/global settlement worksheet), judgment, appeal or verdict of said Proceedings within 48 hours of said occurrence.

10. TRANSFEROR hereby authorizes TRANSFEREE to send to the applicable insurance Provider, ' Schedule E Notice of Lien' and or right to submit a 'UCC Filing' so that TRANSFEREE may perfect its lien against subject claim/settlement/judgment. TRANSFEROR understands that Schedules A, B, C, D, E and F are hereby made a part of this contract and lien. TRANSFEREE reserves the right to provide lien notification to _____ located at _____ concerning, Policy Number: _____, Claim Number: CV 600819/07 .

11. TRANSFEROR agrees NOT to accept a Structured Settlement as satisfaction to said Proceedings, unless Proceeds, as defined in this agreement are equal to or greater than, including the amount owed to the TRANSFEREE, and the TRANSFEREE is paid all monies from the initial disbursement by the Defendant or the Defendant's insurance provider named herein. In addition, if the TRANSFEROR is involved in a bankruptcy proceeding prior to the payoff of all funds owned and due to TRANSFEREE to satisfy this Lien and security agreement the TRANSFEROR agrees to notify the bankruptcy court that the TRANSFEREE has made an investment and TRANSFEREE loan, and the TRANSFEROR'S obligation will not be discharged or reduced as a result of the bankruptcy proceeding.

American Legal Funding LLC                     CONFIDENTIAL                     Page 2 of 7

Transferee _____

Transferor _Raymond Hunt_

12. TRANSFEROR acknowledges and agrees TRANSFEREE authored this Lien and Security Agreement, all supporting schedules including all fee schedules, intake forms and cover letters (the "Documents"). No part of the Documents may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying, faxing and recording or any information storage or retrieval system. Any unauthorized use, reproduction, or transmittal of the Documents whatsoever will constitute copyright infringement and will render the infringer liable to prosecution under the law. Attorneys, their firms and all employees of the firm as well as the plaintiffs who are party to this Agreementare issued a 'Limited Use Permit' to use the Documents to complete the process of a pre-settlement funding advance from the initial gathering of client information to the final execution of this Lien Document and Security Agreement. All documents will be considered, confidential by all parties involved in this Agreement and the process approving the plaintiff for an advancement of funds on their case/lawsuit.

13. This Agreement constitutes the entire agreement between the Parties. There are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement supersedes all prior agreements, understandings, negotiations and discussions, written or oral, of the Parties, relating to any transaction contemplated by this Agreement. This Agreement shall be binding on and inure to the benefit of the Parties, their heirs, trustees, executors or any other successor-in-interest who may obtain or assert control over the TRANSFEROR'S assets for any reason including but not limited to disability (physical or mental), a decline in health or death. Also by executing this agreement, TRANSFEROR intends to exercise any Power of Appointment with which TRANSFEROR is empowered to the extent necessary to complete the Transfer that is the subject of this agreement. In the event one or more of the covenants, terms or conditions of this Agreement shall for any reason be held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect the validity, liability, or enforceability of any other covenant, term or condition in this Agreement.

14. TRANSFEROR represents and warrants unto TRANSFEREE that as of the date of this Agreement that (a) TRANSFEROR believes the Proceedings to be meritorious and filed in good faith; (b) TRANSFEROR has complete right, title and interest in and to the Proceedings and full power and authority to make and execute this Agreement; (c) TRANSFEROR has not and will not assign or encumber the Proceeds from the Proceeding, except as provided herein; (d) TRANSFEROR stipulates that all Proceeds due TRANSFEREE . as described in this agreement, shall not be subordinated to any other liens of record with exception to attorney's fees, attorney's case preparation costs, and statutory / prior properly perfected liens and that all current liens, assignments, encumbrances or security interest of any kind or nature in or relating to the Proceeds are listed on Schedule B attached which is considered part of this agreement; (e) (TRANSFEROR), hereby waives any defenses to payment of this amount, and hereby agree(s) not to seek to avoid payment of this agreement. TRANSFEROR further agrees to cooperate in procuring payment of the amount due TRANSFEREE.

15. In the event that TRANSFEROR terminates or otherwise breaches the covenants, conditions or terms of this Agreement, TRANSFEROR shall pay liquidated damages to TRANSFEREE in the amount of two times the total amount due as set forth in section two TRANSFEROR expressly acknowledges that in the event of termination or other breach of the covenants, conditions and terms of this Agreement, the anticipated loss to TRANSFEREE in such an event will be estimated to be the amount set forth in the foregoing liquidated damages provision and such estimated value is reasonable and not imposed as a penalty.

16. TRANSFEROR has been informed and agrees that the TRANSFEREE is an Arizona Corporation engaged in the business of making investments in certain proceeds which may arise from settlement, judgment or other conclusion resulting from the Proceedings. Both Parties agree that this Agreement shall be construed and interpreted in accordance with the laws of Arizona and venue for any dispute arising hereunder (including any interpleading action) shall lie in the Judicial District Court for Maricopa County, Arizona. Transferor agrees that any and all Federal lawsuits related to or arising from this agreement shall be filed and maintained in the Federal Courthouse located in Phoenix, Arizona. TRANSFEROR understands that the "choice of laws", "forum", and "venue" clauses are critical in nature, and are essential to this Contract, and that they have not been placed in this Contract as mere "form" insertions and recitals.

Copyright 2005
American Legal Funding LLC

Page 3 of 4
CONFIDENTIAL

INITIAL

Transferor
Transferee

17. TRANSFEROR agrees that any and all disputes that may arise concerning the terms, conditions, interpretation or enforcement of this agreement shall be determined through arbitration pursuant to the Rules and Methods outlined by the American Arbitration Association in Arizona , at the election of TRANSFEREE. In case of any dispute, TRANSFEROR agrees to have their attorney recover all Proceeds (as defined in Section 2 of the Agreement) placed into the attorney's Trust Account until the dispute is resolved. The TRANSFEROR further agrees to be responsible for all attorney fees, filing fees and costs associated with the collection by the TRANSFEREE.

**18. TRANSFEROR acknowledges that they were contacted by TRANSFEREE, or by its affiliate on or about 03-27-2007 and that TRANSFEREE advised TRANSFEROR to take no fewer than (10) DAYS to consider the terms contained in this agreement before signing it.**

IN WITNESS WHEREOF, the parties hereto affix their signatures on the above written date.

On behalf of ALFund AZ1 LLC (TRANSFEREE)

_Terri Grub_                                      Date: 04/04/200 7
Signature of Terri Grub, Office Administration

On behalf of Rayford Etherton ,TRANSFEROR

_Rayford Etherton_                                Date: 04/05/200 7
Signature of Rayford Etherton                                    ⬅ SIGN & DATE

STATE OF _Alabama_        )
                          )ss
COUNTY OF _Mobile_        )

On this _3rd_ day of _April_ , 200 _7_, before me personally came, the person ( Transferor) who signed the foregoing Lien and Security Agreement known to me personally to be such, and acknowledged that the above is his/her act and deed and that the facts stated herein are true.

_Monica Weems-Dunklin_
Notary Public                                    ⬅ NOTARIZE

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sept 5, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

[ INITIAL ]⟩     Transferor _RJE_

                 Transferee _24_

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens incurred by RAYFORD ETHERTON**

**TRANSFEROR'S Attorney - Allen C. Wasserman**

Address:    Lord, Bissell & Brook, LLP
            885 Third Avenue, 26th Fl.
            New York NY 10022
            Phone: 212-812-8306  Fax: 212-812-8366

Attorney's fee: ~~$~~15,000 to ~~$~~25,000 ~~at Trial~~ NY

On the Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens (attached), please verify all listed and list all other Rayford Etherton existing Liens, Loans and all anticipated and/or Statutory Liens (i.e. cash advances by another company) or subrogation(s) by insurance companies, municipalities or others. It is not necessary to list ALFund AZ1 LLC liens.

If none, write "NONE". Please state if medical care is ongoing.

**I, Rayford Etherton,  agree to have ALFund AZ 1 LLC (Transferee) as my exclusive provider of advance funds/proceeds for the referenced claim/litigation on page (1) of this document. Furthermore, I relinquish my right to accept any other future advances or purchase(s) from all others and so instruct my attorney. Any future cash advances are at the sole discretion of ALFund AZ1 LLC.**

_____          04 / 03 /200 7
**Rayford Etherton, Transferor**          **Date**

                                          SIGN
                                          & DATE

I, Allen C. Wasserman, know of no other liens or encumbrances upon the Claim/Litigation by Rayford Etherton and acknowledge the above instruction from Mr. Etherton.

_____          ____/____/200_____
**Allen C. Wasserman, Transferor's Attorney**   **Date**
**State Bar # _____**

Copyright 2005
American Legal Funding LLC

INITIAL

Transferor
Transferee

1 of 2

## Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens Incurred by RAYFORD ETHERTON

| | Transferor/Attorney Additional, Corrected or Verified Amounts (to verify: either re-enter the Prior Disclosed amount if correct or enter the corrected amount) | | |
|---|---|---|---|
| **HOLDERS OF MEDICAL LIENS OR INCUMBRANCES** | | Prior Disclosed | Amounts |
| 1 | Attorneys fees        $15,000 to $25,000 | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | Medical Liens Disclosed OR Known To ALFund AZ1 Totals | | |
| 18 | MEDICAL LIENS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR TOTALS (add line 1 through line 16) | | |
| **HOLDERS OF ANY OTHER LIENS/LOANS\* (include Medical Liens not added above)** | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | Other Liens/Loans Disclosed or Known To ALFund AZ1 Totals\* | | |
| 34 | Disclosed or Known To ALFund AZ1 TOTALS\* (sum of lines 17 & 33) | | |
| 35 | ALL OTHER LIENS/LOANS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR TOTALS\* (add line 19 through line 32) | | $15,000 to $25,000 |
| 36 | ALL LIENS, LOANS & INCUMBRANCES\* TOTALS (add line 18 & line 35) | | $15,000 to $25,000 |

\*Excludes all prior ALFund AZ1 LLC liens.

[ INITIAL ]  >   Transferor _[signature]_

Transferee _[signature]_

Copyright 2005
American Legal Funding LLC

2 of 2

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens Incurred by RAYFORD ETHERTON**

TRANSFEROR'S Attorney - ~~Allen C. Wasserman~~

Address:   Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Fl.
New York NY  10022
Phone: 212-812-8306  Fax: 212-812-8366

*(handwritten, circled: billed to dates approx)*

Attorney's fee: ~~$15,000~~ to ~~$25,000~~ ~~at Trial~~

On the Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens (attached), please verify all listed and list all other Rayford Etherton existing Liens, Loans and all anticipated and/or Statutory Liens (i.e. cash advances by another company) or subrogation(s) by insurance companies, municipalities or others. It is not necessary to list ALFund AZ1 LLC liens.

If none, write "NONE". Please state if medical care is ongoing.

**I, Rayford Etherton, agree to have ALFund AZ 1 LLC (Transferee) as my exclusive provider of advance funds/proceeds for the referenced claim/litigation on page (1) of this document. Furthermore, I relinquish my right to accept any other future advances or purchase(s) from all others and so instruct my attorney. Any future cash advances are at the sole discretion of ALFund AZ1 LLC.**

_____          ____/____/200_____
**Rayford Etherton, Transferor**              **Date**


I, Allen C. Wasserman, know of no other liens or encumbrances upon the Claim/Litigation by Rayford Etherton and acknowledge the above instruction from Mr. Etherton.

_____          4 / 5 /2007
**Allen C. Wasserman, Transferor's Attorney**      **Date**
~~State~~ Bar # Aw 4771
*(handwritten: Fed)*

*(handwritten, circled: LORD, BISSELL & BROOK, LLP, By:)*

*(stamp, lower right: SIGN & DATE ←)*

Copyright 2005
American Legal Funding LLC

1 of 2

*(handwritten arrow box: INITIAL)*

Transferor _____
Transferee _____

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens incurred by RAYFORD ETHERTON**

TRANSFEROR'S Attorney - ~~Allen C. Wasserman~~ *~~* ~~~*

Address:   Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Fl.
New York NY 10022
Phone: 212-812-8306  Fax: 212-812-8366

*billed to dates approx*

Attorney's fee ~~$75,000~~ $25,000 ~~at the 2/1~~

On the Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens (attached), please verify all listed and list all other Rayford Etherton existing Liens, Loans and all anticipated and/or Statutory Liens (i.e. cash advances by another company) or subrogation(s) by insurance companies, municipalities or others. It is not necessary to list ALFund AZ1 LLC liens.

If none, write "NONE". Please state if medical care is ongoing.

**I, Rayford Etherton, agree to have ALFund AZ 1 LLC (Transferee) as my exclusive provider of advance funds/proceeds for the referenced claim/litigation on page (1) of this document. Furthermore, I relinquish my right to accept any other future advances or purchase(s) from all others and so instruct my attorney. Any future cash advances are at the sole discretion of ALFund AZ1 LLC.**

_____          ____/____/200_____
**Rayford Etherton, Transferor**                           **Date**


I, Allen C. Wasserman, know of no other liens or encumbrances upon the Claim/Litigation by Rayford Etherton and acknowledge the above instruction from Mr. Etherton.

_____          **4 / 5 /2007**
**Allen C. Wasserman, Transferor's Attorney**        **Date**
~~State~~ Bar # A w 4771
Fed



LORD, BISSELL & Brook, LLP, By:



INITIAL ▷

Transferor _____
Transferee _____

Copyright 2005
American Legal Funding LLC                     1 of 2

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens incurred by RAYFORD ETHERTON**

| | HOLDERS OF MEDICAL LIENS OR INCUMBRANCES | Transferor/Attorney Additional, Corrected or Verified Amounts (to verify: either re-enter the Prior Disclosed amount if correct or enter the corrected amount) | |
|---|---|---|---|
| | | Prior Disclosed | Amounts |
| 1 | Attorneys fees.    ~~$15,000~~ $25,000 | | |
| 2 | (billed to date: APPX) | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | Medical Liens Disclosed OR Known To ALFund AZ1 Totals | | |
| 18 | MEDICAL LIENS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR  TOTALS (add line1 through line 16) | | |

**HOLDERS OF ANY OTHER LIENS/LOANS* (include Medical Liens not added above)**

| | | | |
|---|---|---|---|
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | Other Liens/Loans Disclosed or Known To ALFund AZ1 Totals* | | |
| 34 | Disclosed or Known To ALFund AZ1 TOTALS* (sum of lines 17 & 33) | | |
| 35 | ALL OTHER LIENS/LOANS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR TOTALS* (add line 19 through line 32) | ~~$15,000~~ $25,000 | |
| 36 | ALL LIENS, LOANS & INCUMBRANCES TOTALS (add line 18 & line 35) | ~~$15,000~~ $25,000 | |

*Excludes all prior ALFund AZ1 LLC liens.

> INITIAL >

Transferor _____

Transferee _____

Copyright 2005
American Legal Funding LLC

2 of 2

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens Incurred by RAYFORD ETHERTON**

| | HOLDERS OF MEDICAL LIENS OR INCUMBRANCES | Transferor/Attorney Additional, Corrected or Verified Amounts (to verify: either re-enter the Prior Disclosed amount if correct or enter the corrected amount) | |
|---|---|---|---|
| | | Prior Disclosed | Amounts |
| 1 | Attorneys fees  ~~$25,000~~ | $25,000 | |
| 2 | (if billed to date: appox) | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | Medical Liens Disclosed OR Known To ALFund AZ1 Totals | | |
| 18 | MEDICAL LIENS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR TOTALS (add lines1 through line 16) | | |

**HOLDERS OF ANY OTHER LIENS/LOANS* (Include Medical Liens not added above)**

| | | | |
|---|---|---|---|
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | Other Liens/Loans Disclosed or Known To ALFund AZ1 Totals* | | |
| 34 | Disclosed or Known To ALFund AZ1 TOTALS* (sum of lines 17 & 33) | | |
| 35 | ALL OTHER LIENS/LOANS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR TOTALS* (add line 19 through line 32) | ~~$25,000~~ | $25,000 |
| 36 | ALL LIENS, LOANS & INCUMBRANCES* TOTALS (add line 18 & line 35) | ~~$25,000~~ | $25,000 |

*Excludes all prior ALFund AZ1 LLC liens.

< INITIAL >

Transferor _____

Transferee _____

Copyright 2005
American Legal Funding LLC

2 of 2

## SCHEDULE C - LETTER OF INSTRUCTIONS

04/02/07

Allen C. Wasserman
Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Fl.
New York NY 10022



Dear Mr. Wasserman:

I, Rayford Etherton, ss# 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, hereby request and authorize your firm, Lord, Bissell & Brook, LLP, to pay to ALFund AZ1 LLC, 2334 East Osborn Road, Phoenix, AZ 85016 from your Trust Account, any and all monies due them as a result of the advance funding made to me under the terms of the Lien and Security Agreement dated 4 / 5 /2007 _____.

This letter shall be irrevocable. By this letter I authorize and instruct you to pay the total amount due ALFund AZ1 LLC without delay, within five (5) calendar days from the disbursement of the proceeds of this case. This is to be paid ~~immediately~~ after attorney fee's, case preparation costs, MediCare, MediCaid, and any other prior perfected liens and prior to final distribution to me. I have reviewed and understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the successful end of my case.

Thank you in advance for your cooperation in this matter.

Sincerely,

_____
Signature of Rayford Etherton

STATE OF _____     COUNTY OF _____

On this _____ day of _____, 200____, before me personally came , the person who signed the foregoing Letter of Instructions, known to me personally to be such, and acknowledged that the said Letter is his act and deed and that the facts stated therein are true.

Notary Public: _____

The Office of Lord, Bissell & Brook, LLP acknowledges receiving this letter of instructions, ~~agrees that the lien and security agreement for the above Transferer is legal, binding and enforceable~~ and hereby agrees to fully execute this document and to first pay ALFund AZ1 LLC all funds due them and as outlined in the lien and security agreement at the close of the case from my client Trust Account where all funds will be deposited before final distribution to the client.

At the time that proceeds are received and upon furnishing requested information as specifically outlined herein, a written closing statement which includes the final global settlement worksheet of all proceeds received in connection with this claim/settlement/judgment and payoffs to all lien holders MAY be required at the sole discretion of American Legal Funding, LLC and/or ALFund AZ1 LLC. This office also agrees to ~~immediately~~ notify American Legal Funding, LLC ~~of all details,~~ in writing, should this case be moved from these offices, interrupted, completed, or otherwise ended.

The Attorney or this office makes no statement, renders no opinions, and proffers no guarantee as it pertains to the possibility of recovery of some or any proceeds as a result of this case or claim. By the execution hereof, Attorney assumes no duties or obligations to American Legal Funding, LLC  or ALFund AZ1 LLC other than the ministerial duties of disbursement and of furnishing requested information as specifically outlined herein

Attorney Signature: _____  Date: 4 / 5 /200 7
                    on behalf of Lord, Bissell & Brook, LLP

CC: ALFund AZ1 LLC / American Legal Funding LLC

Copyright American Legal Funding LLC 2005

CONFIDENTIAL

## SCHEDULE C - LETTER OF INSTRUCTIONS

Allen C. Wasserman                                                                04/02/07
Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Fl.
New York NY 10022



Dear Mr. Wasserman:

I, Rayford Etherton, ss# 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, hereby request and authorize your firm, Lord, Bissell & Brook, LLP, to pay to ALFund AZ1 LLC, 2334 East Osborn Road, Phoenix, AZ 85016 from your Trust Account, any and all monies due them as a result of the advance funding made to me under the terms of the Lien and Security Agreement dated _04/03_/200_7_ .

This letter shall be irrevocable. By this letter I authorize and instruct you to pay the total amount due ALFund AZ1 LLC without delay, within five (5) calendar days from the disbursement of the proceeds of this case. This is to be paid immediately after attorney fee's, case preparation costs, MediCare, MediCaid, and any other prior perfected liens and prior to final distribution to me. I have reviewed and understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the successful end of my case.

Thank you in advance for your cooperation in this matter.

Sincerely,

_Signature_

Signature of Rayford Etherton

STATE OF _Alabama_          COUNTY OF _Mobile_

On this _3rd_ day of _April_ , 200_7_, before me personally came , the person who signed the foregoing Letter of Instructions, known to me personally to be such, and acknowledged that the said Letter is his act and deed and that the facts stated therein are true.

Notary Public: _Monica Weems Dunklin_

The Office of Lord, Bissell & Brook, LLP acknowledges receiving this letter of instructions, agrees that the lien and security agreement for the above Transferor is legal, binding and enforceable and hereby agrees to fully execute this document and to first pay ALFund AZ1 LLC all funds due them and as outlined in the lien and security agreement at the close of the case from my client Trust Account where all funds will be deposited before final distribution to the client.

At the time that proceeds are received and upon furnishing requested information as specifically outlined herein, a written closing statement which includes the final global settlement worksheet of all proceeds received in connection with this claim/settlement/judgment and payoffs to all lien holders MAY be required at the sole discretion of American Legal Funding, LLC and/or ALFund AZ1 LLC. This office also agrees to immediately notify American Legal Funding, LLC of all details, in writing, should this case be moved from these offices, interrupted, completed, or otherwise ended.

The Attorney or this office makes no statement, renders no opinions, and proffers no guarantee as it pertains to the possibility of recovery of some or any proceeds as a result of this case or claim. By the execution hereof, Attorney assumes no duties or obligations to American Legal Funding, LLC or ALFund AZ1 LLC other than the ministerial duties of disbursement and of furnishing requested information as specifically outlined herein

Attorney Signature: _____Date: ____/____/200_____
                       on behalf of Lord, Bissell & Brook, LLP

CC: ALFund AZ1 LLC / American Legal Funding LLC

Copyright American Legal Funding LLC 2005                                    CONFIDENTIAL

## SCHEDULE C - LETTER OF INSTRUCTIONS

04/02/07

Allen C. Wasserman
Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Fl.
New York NY 10022



Dear Mr. Wasserman:

I, Rayford Etherton, ss# 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, hereby request and authorize your firm, Lord, Bissell & Brook, LLP, to pay to ALFund AZ1 LLC, 2334 East Osborn Road, Phoenix, AZ 86016 from your Trust Account, any and all monies due them as a result of the advance funding made to me under the terms of the Lien and Security Agreement dated 4 / 5 /200 7 .

This letter shall be irrevocable. By this letter I authorize and instruct you to pay the total amount due ALFund AZ1 LLC without delay, within five (5) calendar days from the disbursement of the proceeds of this case. This is to be paid immediately after attorney fee's, case preparation costs, MediCare, MediCaid, and any other prior perfected liens and prior to final distribution to me. I have reviewed and understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the successful end of my case.

Thank you in advance for your cooperation in this matter.

Sincerely,

_____

Signature of Rayford Etherton

STATE OF _____      COUNTY OF _____

On this _____ day of _____, 200___, before me personally came , the person who signed the foregoing Letter of Instructions, known to me personally to be such, and acknowledged that the said Letter is his act and deed and that the facts stated therein are true.

   Notary Public: _____

NOTARIZE

The Office of Lord, Bissell & Brook, LLP acknowledges receiving this letter of instructions, agrees that the lien and security agreement for the above Transferor is legal, binding and enforceable and hereby agrees to fully execute this document and to first pay ALFund AZ1 LLC all funds due them and as outlined in the lien and security agreement at the close of the case from my client Trust Account where all funds will be deposited before final distribution to the client.

At the time that proceeds are received and upon furnishing requested information as specifically outlined herein, a written closing statement which includes the final global settlement worksheet of all proceeds received in connection with this claim/settlement/judgment and payoffs to all lien holders MAY be required at the sole discretion of American Legal Funding, LLC and/or ALFund AZ1 LLC. This office also agrees to immediately notify American Legal Funding, LLC of all details, in writing, should this case be moved from these offices, interrupted, completed, or otherwise ended.

The Attorney or this office makes no statement, renders no opinions, and proffers no guarantee as it pertains to the possibility of recovery of some or any proceeds as a result of this case or claim. By the execution hereof, Attorney assumes no duties or obligations to American Legal Funding, LLC or ALFund AZ1 LLC other than the ministerial duties of disbursement and of furnishing requested information as specifically outlined herein

Attorney Signature: _Allen C. Wasserman_  Date: 4 / 5 /200 7
      on behalf of Lord, Bissell & Brook, LLP

Sign Here

CC: ALFund AZ1 LLC / American Legal Funding LLC

Copyright American Legal Funding LLC 2005                    CONFIDENTIAL



**SCHEDULE D - CLIENT FUNDING RECEIPT**

On 04 / 03 /200 7____   I have received and accepted $50,000.00 less an over night fee of $50.00, cashiers check fee of $25.00 and a courier fee of $0.00.

For a net total of $49,925.00 from ALFund AZ1, LLC, as a check drawn on the Bank of America (check # _____ ).

I understand that by my accepting this check, this completes the advance funding obligation of ALFund AZ1 LLC (TRANSFEREE) to me, Rayford Etherton (TRANSFEROR) who acknowledges receipt and acceptance of the funds by signing below. I agree to pay or direct my legal representative to pay the total amount due ALFund AZ1 LLC without delay, within five (5) calendar days from the disbursement of the proceeds of my case Proceeding. I have reviewed and understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the successful end of my case.

_____                    _____
**Signature of Rayford Etherton**                    **Allen C. Wasserman, Transferor's Attorney**

**THE FOLLOWING TO BE COMPLETED OR VERIFIED BY Rayford Etherton**
SSN: 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
DOB: 07-30-1955
Mothers Maiden Name: Cassidy
Drivers License & State: _____ (attached photo copy required)
Current Address: 106 Central Park South
City, State & Zip: New York NY 10019
Current phone: 917-561-5741
Cell: ( ____ ) _____ _____   E-mail: rletherton@aol.com

By receiving this timely advance of cash it helped me solve the following problems:
_____ Kept me from losing my housing, car or other asset
_____ Kept me from losing my job
_____ Allowed me to get further medical treatment needed
_____ Gave me "staying power" to pursue the full value of my case

Other

Mr. Etherton's attorney: Allen C. Wasserman
Phone: 212-812-8306        Fax: 212-812-8366
Email: _____

Paralegal/Assistant Name: _____

## SCHEDULE "F"
## *CONFIRMATION OF LIEN AGREEEMENT DISCUSSION

Below find information that Rayford Etherton (**TRANSFEROR**) discussed with ALFund AZ1, LLC/ American Legal Funding, LLC (**TRANSFEREE**) and Allen Wasserman, Esq. (attorney for **TRANSFEROR**) on or about 3/27/2007.

I understand:

1. (A-D). That my agreement with American Legal Funding, LLC is a Contingent, Consensual, Equity Lien & Security Agreement ("AGREEMENT") secured by an unpredictable future outcome.

☑ Agree    ☐ Disagree

1E. That with prior Notice to myself and my attorney that this AGREEEMENT is "Mature", "Legal" and enforceable under basic contract law.

☑ Agree    ☐ Disagree

2. That my attorney and I believe that I am mentally capable of entering into this Agreement.

☑ Agree    ☐ Disagree

3-4. That I agree with the fees and understand that my letter of instructions (Schedule "C" attached) to my attorney which directs him to pay American Legal Funding is irrevocable.

☑ Agree    ☐ Disagree

5. That American Legal Funding is not obligated to take any reduction in their fees at the end of my case unless no monies are received.

☑ Agree    ☐ Disagree

6. The following are reasons are why it necessary to request an advance on my case and why it is so important that I receive a cash advance towards my case at this time.

☐ Kept me from losing my housing, car or other asset

☐ Kept me from losing my job

☐ Allowed me to get further medical treatment needed

1

☑ Gave me "staying power" to pursue the full value of my case

☐ Other: _____

_____

☐ Also attached find my budget for the money requested

7. That American Legal Funding takes a substantial risk in advancing me money on my case, that they have absolutely no control over my case, the final settlement amount or timeline that it takes for my attorney to bring my case to close and that my fees are a result of those risks.

☑ Agree          ☐ Disagree

8. That if I change attorneys for any reason that I must notify American Legal Funding within 3 business days or before settling my case or I will be in breach of contract.

☑ Agree          ☐ Disagree

9. That American Legal Funding will take the necessary measures to perfect their liens and notify all applicable Insurance Companies.

☑ Agree          ☐ Disagree

10. I have not, nor am I planning on filing bankruptcy, nor will I assign my rights in this case to any other entity, including but not limited to a trust or will.

☑ Agree          ☐ Disagree

11. That American Legal Funding has exclusive rights to provide any future cash advance and any advances other than those from American Legal Funding obtained by me will be considered a breach of contract by myself and my attorney.

☑ Agree          ☐ Disagree

2

12. That I have reviewed this entire agreement with the assistance of my attorney, I have no further questions or concerns.

☑ Agree          ☐ Disagree

And I agree to perform to the term and conditions of this Agreement in this entirety.

☑ Agree          ☐ Disagree

13. Additional Attorney Confirmations

I have reviewed this Agreement in its entirety with my client and I am aware of the following:

- The irrevocable directions within Schedule "C" to pay ALFund AZ1, LLC the amounts as outlined in Schedule "A" in the Lien & Security Agreement.

- Any disputes will be subject to AAA procedures and in the event of a dispute the total amount in dispute must be held in my trust account until the dispute is resolved.

- I have an obligation to immediately notify American Legal Funding, LLC in the event that my firm no longer represents the client in order for ALFund AZ1, LLC to protect their interests.

\*\*This confirmation of the Lien Agreement discussion between all parties is not intended to be all encompassing of the terms & conditions of the Agreement.

Date: 04 / 03 /2007

By _Rayford Etherton_____          By _____
Rayford Etherton                            Allen Wasserman, ATTORNEY for Transferor


STATE OF _Alabama_____ )
                                            )ss
COUNTY OF _Mobile___ )

       On this 3rd day of _April_____, 2007, before me personally appeared, the persons (Transferor and Attorney for Transferor) who signed the foregoing Schedule "F", Confirmation of Lien Agreement Discussion, known to me personally to be such, and acknowledged that the above is his/her act and deed, and that the facts stated herein are true.

My Commission Expires:            _Monica Weems-Shankln_____
_September 5, 2010_____           Notary Public

Dated: _4_ / _3_ /2007             By _Terri V Greeb_____
                                            On behalf of ALFund AZ1, LLC

Revised 1/07

3

# American Legal Funding LLC / ALFund AZ 1, LLC FAX

**Date:**   5/2/2007

**To:**   **Rayford Etherton**
Phone: 917-561-5741        Fax: 251-208-6889

**From:**   American Legal Funding LLC/ALFund AZ1 LLC
Jeff Huff, Presiding Member
Phone: 480-444-2334        Fax: 602-954-2218

**Subject:**   **Schedule A - Funding Approval for Rayford Etherton**

We have approved an advance for you of $50,000.00 with the following fee structure*:  Additional advances may be available in the future subject to review of updated information from your attorney.

**$70,000.00  If full payment is made no later than June 09, 2007**
**$70,000.00  if full payment is made after June 09, 2007 but no later than July 09, 2007**
**$70,000.00  if full payment is made after July 09, 2007 but no later than August 09, 2007**
**$70,000.00  If full payment is made after August 09, 2007 but no later than September 09, 2007**
**$75,000.00  if full payment is made after September 09, 2007 but no later than October 09, 2007**
**$80,000.00  If full payment is made after October 09, 2007 but no later than November 09, 2007**
**$85,000.00  if full payment is made after November 09, 2007, thereafter an additional $5,000.00 per additional month.**

(*above payments include advance of  $50,000.00)

**This offer will be available until 5:00 pm MST on 05-09-2007. If this offer meets with your approval, sign below and fax this offer back to us. We will then prepare the official security agreement and letter of instructions for you and your attorney's (Allen C. Wasserman) final review and approval.**

A date will be set to execute these additional documents and a check for $50,000.00 will be distributed from our company upon the completion of all documents and requirements. Checks may be sent over night for $25.00 and a cashiers checks may be issued, if needed, for an additional $25.00 fee. All fees will be deducted from the $50,000.00 advance.

Respectfully,

Jeff Huff, Presiding Member
American Legal Funding LLC/ALFund AZ1 LLC

Accepted on this date 05 /02 /200 7

By:

Signature of Rayford Etherton

**SIGN & DATE**

**American Legal Funding LLC/ALFund AZ1 LLC**
17700 N. Pacesetter Way Ste 104  * Scottsdale, AZ  85255  * Phone: 480-515-3698 * Fax: 480-585-3756
www.Americanlegalfunding.com * info@Americanlegalfunding.com

NOTICE: CONFIDENTIAL INFORMATION – The information contained in this facsimile is privileged, confidential, and/or exempt from disclosure under applicable law and is intended solely for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying or unauthorized use of this communication is hereby prohibited.  If you have received this facsimile in error, please notify sender immediately by telephone so that arrangements can be made to retrieve the facsimile at no cost to you.

## ALFund AZ1 LLC CONSENUAL EQUITY LIEN AND SECURITY AGREEMENT

This CONSENUAL EQUITY LIEN AND SECURITY AGREEMENT (the 'Agreement') is made and entered into this date **05 / 02 /2007** by and between ALFund AZ1, LLC (hereafter named TRANSFEREE), 17700 N. Pacesetter Way, Scottsdale, AZ 85255, an AZ Corporation and Rayford Etherton, an individual, Social Security #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, hereafter referred to as (TRANSFEROR). Together jointly referred to as the 'Parties'.

### WITNESSETH

Whereas, TRANSFEROR has a claim against and/or is a plaintiff in an action(s) or law suit(s) or case(s) or settlement proceedings (hereafter referred to as 'Proceedings") in the State of NY, County of New York, against the Defendant(s): Provost & Umphrey; Rubin, Winston, Diercks, Harris & Cook; Pinnacle Law Group, whose insurance provider is _____, Policy Number: _____, Claim Number: CV 600818/07.

Whereas, the Defendant's insurance provider(s) is/are defending and/or settling such Proceedings, arising out of an act of negligence, accident or other incident on or about 06-28-2005 in which the Defendant caused TRANSFEROR to suffer serious damages, physical injuries, or aggravations of previously existing conditions, and;

Whereas, TRANSFEROR does not have sufficient funds to adequately pay for the necessities of life during the pendency of the Proceedings and/or pay the necessary legal or medical costs attendant to the Proceedings, has no assets against which they can or desires to borrow, and is under economic pressure to resolve their Proceedings for less than what TRANSFEROR believes to be the Proceedings's full/fair value, and by entering into this Lien and Security Agreement to obtain a cash advance, such actions may assist the TRANSFEROR in mitigating their damges to protect the value of their claims, and;

Whereas, the Defendants in the TRANSFERORS Proceedings have at this time, failed to make a reasonable offer or declined payment of an amount of compensation that TRANSFEROR considers fair or adequate, and that it will take an undetermined amount of time through continued legal actions to negotiate, persuade or otherwise prevail upon the Defendants and/or their insurance representatives to pay the TRANSFEROR the amount appropriate and necessary to compensate TRANSFEROR for the injuries/damages suffered, and;

Whereas, in order to afford TRANSFEROR sufficient funds to adequately pay for the necessities of the during pendency of the Proceedings and/or necessary legal and medical costs attendant to the Proceedings, TRANSFEREE has agreed to make an advancement of funds to TRANSFEROR and take a LIEN on certain proceeds which may arise from settlement, judgment or other conclusion resulting from the Proceedings. TRANSFEREE acknowleges that the outcomes of a settlement, judgment or other conclusion resulting from the Proceedings is uncertain and involves risks beyond the parties' control which could result in no payment or recovery of Proceeds by the TRANSFEROR(s) of the Proceedings against the Defendant or others arising out of this or related to this Proceedings.

Now, THEREFORE, in consideration of the sum $50,000.00 cash in hand paid and other good and valuable consideration, the receipt and acceptability of which is hereby acknowledged, TRANSFEREE and TRANSFEROR do hereby agree as follows:

1. TRANSFEROR acknowledges that they have been informed by TRANSFEREE that alternative methods of obtaining financial assistance which provide more favorable rates, fees or payment schedules may be available elsewhere from other than from TRANSFEREE including, among others, credit cards advances, bank loans or personal loans from family or friends. TRANSFEROR agrees that securing an advance of funds from TRANSFEREE is in their best interests and will greatly assist them in mitigating their damages and protecting their assets.

2. TRANSFEROR unconditionally and irrevocably transfers and conveys to TRANSFEREE all of TRANSFEROR'S control, right, title and interest up to up to the the maximum allowed under Schedule A - Funding Approval for Rayford Etherton paid to TRANSFEROR from Proceeds (hereinafter defined as the gross amount of the recovery from the Proceedings less the TRANSFEROR'S attorneys fees of _____ of the settlement or _____ at trial and actual case preparation costs and any other liens previously disclosed in Scheduled B as attached which have been perfected prior to TRANSFEREE's liens) or other recovery derived from the Proceedings.

3. TRANSFEROR hereby grants to TRANSFEREE a security interest in the Proceeds of the Proceedings in the minimum sum of $70,000.00 and a maximum sum of up to the the maximum allowed under Schedule A - Funding Approval for Rayford Etherton (see offer letter/Schedule A dated 05-02-2007 and to be considered a part of this agreement) to secure the conveyance, subject to the terms and conditions of this Agreement.

Copyright 2005
American Legal Funding LLC

Page 1 of 4
CONFIDENTIAL

Transferor _____
Transferee _____

4. TRANSFEROR understands the above-mentioned advance of funds by the TRANSFEREE to be an investment, and not a loan. TRANSFEREE acknowledges it is making an INVESTMENT in certain proceeds which may arise from settlement, judgment or other conclusion resulting from the Proceedings and as such, the TRANSFEREE understand that if there is no payment or recovery of Proceeds by the TRANSFEROR of the Proceedings against the Defendant or others arising out of this or related to this Proceedings, TRANSFEROR will owe the TRANSFEREE no money. When the Proceedings referred to herein is settled or concluded, and all Proceeds and lien amounts agreed upon are paid to TRANSFEREE in full, TRANSFEROR will owe no additional money to TRANSFEREE.

5. The Parties acknowledge that this Agreement is expressly intended to transfer, convey and relinquish control over only a specified portion of the Proceeds which may flow from, and as a result of the Proceedings referred to above. This agreement is not an assignment of case, nor a purchase of any right, chose in action, cause of action, or claim which TRANSFEROR may have or possess as against any responsible party, respondent or defendant referred to herein. No control, input, influence, right of involvement of any kind as concerns claim, right, or interest of TRANSFEROR in the Proceedings is contemplated by any party to this Agreement.

6. TRANSFEROR confirms they have sought and obtained the advice of legal counsel with respect to the Agreement. TRANSFEROR agrees to direct their attorney to execute Schedules B&C of the Agreement. By the attorney's execution of Schedules B&C of the Agreement, TRANSFEROR acknowledges that the attorney has agreed to disburse the Proceeds as set forth herein above and in the attached **Letter of Instructions, Schedule C.**

7. The Parties to this agreement acknowledge that by execution hereof, TRANSFEROR'S attorney is solely and merely following TRANSFEROR'S instructions. TRANSFEROR'S attorney is making neither representation nor guarantee, inferred, expressed or implied, concerning either merits or value of the claims(s) or Proceedings matter(s) referred to herein to any Party. Further, all Parties to this agreement acknowledge that TRANSFEROR'S attorney assumes no affirmative duties herein other than the ministerial obligations of disbursement, and conveying information conveyed herein.

8. TRANSFEROR understands and agrees that if the Law Firm of Record, Lord, Bissell & Brook, LLP, is discharged or otherwise relieved of its responsibilities to TRANSFEROR in this Proceedings, the TRANSFEREE's obligations under this Agreement shall remain in full force and effect. Upon the Law Firm of Record being relieved of its responsibilities, the engagement of other attorneys or other parties (including the TRANSFEROR) to pursue the TRANSFEROR's claims, TRANSFEROR shall be required to provide written notice including name, address, phone, fax and email, by certified mail, to TRANSFEREE within three (3) business days. TRANSFEROR agrees that TRANSFEREE has the right to protect its interest in this Agreement though all legal remedies incuding but not limited to notifying any parties involved in the TRANSFEROR's claim, further perfecting the liens under the Agreement.

9. TRANSFEROR hereby authorizes his attorney to release to TRANSFEREE any/all information, files, records and documents for the duration of this agreement regarding the Proceedings requested by TRANSFEREE within 48 hours, who agrees to treat such information as confidential and who shall receive and review these materials solely in the limited capacity necessary for the initial review and underwriting process as well as the ongoing execution and maintenance of this Agreement. Furthermore, TRANSFEROR instructs his/her attorney to notify TRANSFEREE by both fax 602-954-2218 and phone 480-444-2334 of any settlement (including the final settlement of accounting/global settlement worksheet), judgment, appeal or verdict of said Proceedings within 48 hours of said occurrence.

10. TRANSFEROR hereby authorizes TRANSFEREE to send to the applicable insurance Provider, ' Schedule E Notice of Lien' and or right to submit a 'UCC Filing' so that TRANSFEREE may perfect its lien against subject claim/settlement/judgment. TRANSFEROR understands that Schedules A, B, C, D, E and F are hereby made a part of this contract and lien. TRANSFEREE reserves the right to provide   lien   notification   to   _____   located   at   _____ _____ concerning, Policy Number: _____, Claim Number: CV 600818/07 .

11. TRANSFEROR agrees NOT to accept a Structured Settlement as satisfaction to said Proceedings, unless Proceeds, as defined in this agreement are equal to or greater than, including the amount owed to the TRANSFEREE, and the TRANSFEREE is paid all monies from the initial disbursement by the Defendant or the Defendant's Insurance provider named herein. In addition, if the TRANSFEROR is involved in a bankruptcy proceeding prior to the payoff of all funds owned and due to TRANSFEREE to satisfy this Lien and security agreement the TRANSFEROR agrees to notify the bankruptcy court that the TRANSFEREE is owed a portion of any recovery from said Proceedings according to this agreement and all attachments. The TRANSFEREE has made an investment and not a loan, and the TRANSFEROR'S obligation will not be discharged or reduced as a result of the bankruptcy proceeding.

Page 2 of 4
CONFIDENTIAL

Initial
Transferor
Transferee

12. TRANSFEROR acknowledges and agrees TRANSFEREE authored this Lien and Security Agreement, all supporting schedules including all fee schedules, intake forms and cover letters (the "Documents"). No part of the Documents may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying, faxing and recording or any information storage or retrieval system. Any unauthorized use, reproduction, or transmittal of the Documents whatsoever will constitute copyright infringement and will render the infringer liable to prosecution under the law. Attorneys, their firms and all employees of the firm as well as the plaintiffs who are party to this Agreementare issued a 'Limited Use Permit" to use the Documents to complete the process of a pre-settlement funding advance from the initial gathering of client information to the final execution of this Lien Document and Security Agreement. All documents will be considered, confidential by all parties involved in this Agreement and the process approving the plaintiff for an advancement of funds on their case/lawsuit.

13. This Agreement constitutes the entire agreement between the Parties. There are no representations, warranties, covenants, or obligations except as set forth herein. This Agreement supersedes all prior agreements, understandings, negotiations and discussions, written or oral, of the Parties, relating to any transaction contemplated by this Agreement. This Agreement shall be binding on and inure to the benefit of the Parties, their heirs, trustees, executors or any other successor-in-interest who may obtain or assert control over the TRANSFEROR'S assets for any reason including but not limited to disability (physical or mental), a decline in health or death. Also by executing this agreement, TRANSFEROR intends to exercise any Power of Appointment with which TRANSFEROR is empowered to the extent necessary to complete the Transfer that is the subject of this agreement. In the event one or more of the covenants, terms or conditions of this Agreement shall for any reason be held to be invalid or unenforceable in any respect, such invalidity or unenforceability shall not affect the validity, liability, or enforceability of any other covenant, term or condition in this Agreement.

14. TRANSFEROR represents and warrants unto TRANSFEREE that as of the date of this Agreement that (a) TRANSFEROR believes the Proceedings to be meritorious and filed in good faith; (b) TRANSFEROR has complete right, title and interest in and to the Proceedings and full power and authority to make and execute this Agreement; (c) TRANSFEROR has not and will not assign or encumber the Proceeds from the Proceeding, except as provided herein; (d) TRANSFEROR stipulates that all Proceeds due TRANSFEREE , as described in this agreement, shall not be subordinated to any other liens of record with exception to attorney's fees, attorney's case preparation costs, and statutory / prior properly perfected liens and that all current liens, assignments, encumbrances or security interest of any kind or nature in or relating to the Proceeds are listed on Schedule B attached which is considered part of this agreement; (e) (TRANSFEROR), hereby waives any defenses to payment of this amount, and hereby agree(s) not to seek to avoid payment of this agreement. TRANSFEROR further agrees to cooperate in procuring payment of the amount due TRANSFEREE.

15. In the event that TRANSFEROR terminates or otherwise breaches the covenants, conditions or terms of this Agreement, TRANSFEROR shall pay liquidated damages to TRANSFEREE in the amount of two times the total amount due as set forth in section two TRANSFEROR expressly acknowledges that in the event of termination or other breach of the covenants, conditions and terms of this Agreement, the anticipated loss to TRANSFEREE in such an event will be estimated to be the amount set forth in the foregoing liquidated damages provision and such estimated value is reasonable and not imposed as a penalty.

16. TRANSFEROR has been informed and agrees that the TRANSFEREE is an Arizona Corporation engaged in the business of making investments in certain proceeds which may arise from settlement, judgment or other conclusion resulting from the Proceedings. Both Parties agree that this Agreement shall be construed and interpreted in accordance with the laws of Arizona and venue for any dispute arising hereunder (including any interpleading action) shall lie in the Judicial District Court for Maricopa County, Arizona. Transferor agrees that any and all Federal lawsuits related to or arising from this agreement shall be filed and maintained in the Federal Courthouse located in Phoenix, Arizona. TRANSFEROR understands that the "choice of laws", "forum", and "venue" clauses are critical in nature, and are essential to this Contract, and that they have not been placed in this Contract as mere "form" insertions and recitals.

17. TRANSFEROR agrees that any and all disputes that may arise concerning the terms, conditions, interpretation or enforcement of this agreement shall be determined through arbitration pursuant to the Rules and Methods outlined by the American Arbitration Association in Arizona , at the election of TRANSFEREE. In case of any dispute, TRANSFEROR agrees to have their attorney recover all Proceeds (as defined in Section 2 of the Agreement) placed into the attorney's Trust Account until the dispute is resolved. The TRANSFEROR further agrees to be responsible for all attorney fees, filing fees and costs associated with the collection by the TRANSFEREE.

**18. TRANSFEROR acknowledges that they were contacted by TRANSFEREE, or by its affiliate on or about 03-27-2007 and that TRANSFEREE advised TRANSFEROR to take no fewer than (10) DAYS to consider the terms contained in this agreement before signing it.**

IN WITNESS WHEREOF, the parties hereto affix their signatures on the above written date.

On behalf of ALFund AZ1 LLC (TRANSFEREE)

_Terri Grub_        Date: 05/01/200 7
Signature of Terri Grub, Office Administration

On behalf of Rayford Etherton, TRANSFEROR

_Rayford Etherton_        Date: 05/04/200 7
Signature of Rayford Etherton

STATE OF ___Alabama___ )
                  )ss
COUNTY OF ___Mobile___ )

On this 4th day of ___May___, 2007 before me personally came, the person ( Transferor) who signed the foregoing Lien and Security Agreement known to me personally to be such, and acknowledged that the above is his/her act and deed and that the facts stated herein are true.

_____
Notary Public

Notary Public State of Alabama at Large
My Commission Expires February 7th 2010

Transferor ___
Transferee ___

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens incurred by RAYFORD ETHERTON**

**TRANSFEROR'S Attorney - Allen C. Wasserman**

Address:    Lord, Bissell & Brook, LLP
            885 Third Avenue, 26th Fl.
            New York NY 10022
            Phone: 212-812-8306 Fax: 212-812-8366

Attorney's fee: 25,000  to  date     at Trial

On the Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens (attached), please verify all listed and list all other Rayford Etherton existing Liens, Loans and all anticipated and/or Statutory Liens (i.e. cash advances by another company) or subrogation(s) by insurance companies, municipalities or others. It is not necessary to list ALFund AZ1 LLC liens.

If none, write "NONE". Please state if medical care is ongoing.

**I, Rayford Etherton, agree to have ALFund AZ 1 LLC (Transferee) as my exclusive provider of advance funds/proceeds for the referenced claim/litigation on page (1) of this document. Furthermore, I relinquish my right to accept any other future advances or purchase(s) from all others and so instruct my attorney. Any future cash advances are at the sole discretion of ALFund AZ1 LLC.**

_____                    05,02,200 7
Rayford Etherton, Transferor               Date

**SIGN & DATE**

I, Allen C. Wasserman, know of no other liens or encumbrances upon the Claim/Litigation by Rayford Etherton and acknowledge the above instruction from Mr. Etherton.

_____                    ____/____/200_____
**Allen C. Wasserman, Transferor's Attorney**   **Date**
**State Bar # AW4771**

Copyright 2005
American Legal Funding LLC                 1 of 2

Initial

Transferor _____
Transferee _____

**Schedule B - Liens & Loans Excluding All Prior ALFund AZ1 LLC Liens Incurred by RAYFORD ETHERTON**

| | Transferor/Attorney Additional, Corrected or Verified Amounts (to verify: either re-enter the Prior Disclosed amount if correct or enter the corrected amount) | | |
|---|---|---|---|
| | HOLDERS OF MEDICAL LIENS OR INCUMBRANCES | Prior Disclosed | Amounts |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | Medical Liens Disclosed OR Known To ALFund AZ1 Totals | | |
| 18 | MEDICAL LIENS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR  TOTALS (add line1 through line 16) | | |
| | HOLDERS OF ANY OTHER LIENS/LOANS* (include Medical Liens not added above) | | |
| 19 | | Attorney's Fees | $25K |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |
| 29 | | | |
| 30 | | | |
| 31 | | | |
| 32 | | | |
| 33 | Other Liens/Loans Disclosed or Known To ALFund AZ1 Totals* | | |
| 34 | Disclosed or Known To ALFund AZ1 TOTALS* (sum of lines 17 & 33) | | |
| 35 | ALL OTHER LIENS/LOANS VERIFIED, ADDED OR CORRECTED BY ATTORNEY & TRANSFEROR TOTALS* (add line 19 through line 32) | | |
| 36 | ALL LIENS, LOANS & INCUMBRANCES* TOTALS (add line 18 & line 35) | | |

*Excludes all prior ALFund AZ1 LLC liens.

*Initial* ⟩ Transferor

Copyright 2005
American Legal Funding LLC

2 of 2

Transferee

## SCHEDULE C - LETTER OF INSTRUCTIONS

05/02/07

Allen C. Wasserman
Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Fl.
New York NY 10022

Dear Mr. Wasserman:

I, Rayford Etherton, ss# 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, hereby request and authorize your firm, Lord, Bissell & Brook, LLP, to pay to ALFund AZ1 LLC, 2334 East Osborn Road, Phoenix, AZ 85016 from your Trust Account, any and all monies due them as a result of the advance funding made to me under the terms of the Lien and Security Agreement dated 05/02/200_7_ .

This letter shall be irrevocable. By this letter I authorize and instruct you to pay the total amount due ALFund AZ1 LLC without delay, within five (5) calendar days from the disbursement of the proceeds of this case. This is to be paid immediately after attorney fee's, case preparation costs, MediCare, MediCaid, and any other prior perfected liens and prior to final distribution to me. I have reviewed and understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the successful end of my case.

Thank you in advance for your cooperation in this matter.

Sincerely,

Signature of Rayford Etherton

STATE OF _Alabama_      COUNTY OF _Mobile_

On this _4th_ day of _May_ , 200 _7_, before me personally came , the person who signed the foregoing Letter of Instructions, known to me personally to be such, and acknowledged that the said Letter is his act and deed and that the facts stated therein are true.

Notary Public:

Notary Public State of Alabama at Large
My Commission Expires February 7th 201

The Office of Lord, Bissell & Brook, LLP acknowledges receiving this letter of instructions, agrees that the lien and security agreement for the above Transferor is legal, binding and enforceable and hereby agrees to fully execute this document and to first pay ALFund AZ1 LLC all funds due them and as outlined in the lien and security agreement at the close of the case from my client Trust Account where all funds will be deposited before final distribution to the client.

At the time that proceeds are received and upon furnishing requested information as specifically outlined herein, a written closing statement which includes the final global settlement worksheet of all proceeds received in connection with this claim/settlement/judgment and payoffs to all lien holders MAY be required at the sole discretion of American Legal Funding, LLC and/or ALFund AZ1 LLC. This office also agrees to immediately notify American Legal Funding, LLC of all details, in writing, should this case be moved from these offices, interrupted, completed, or otherwise ended.

The Attorney or this office makes no statement, renders no opinions, and proffers no guarantee as it pertains to the possibility of recovery of some or any proceeds as a result of this case or claim. By the execution hereof, Attorney assumes no duties or obligations to American Legal Funding, LLC or ALFund AZ1 LLC other than the ministerial duties of disbursement and of furnishing requested information as specifically outlined herein

Attorney Signature: _____ Date: ____/____/200_____
on behalf of Lord, Bissell & Brook, LLP

CC: ALFund AZ1 LLC / American Legal Funding LLC

Copyright American Legal Funding LLC 2005

CONFIDENTIAL

Rayford Etherton
106 Central Park South
New York, NY 10019

May 8, 2007

Allen Wasserman, Esq.
Lord, Bissell & Brook, LLP
885 Third Avenue, 26th Floor          Certified mail return receipt requested
New York, NY 10022

Re:  American Legal Funding, LLC/ALFund AZ 1 LLC

Dear Allen:

This letter is in further follow up to the agreement that I entered with American Legal Funding, LLC/ALFund AZ1 LLC whereby American Legal Funding, LLC/ALFund AZ1 LLC has a lien and security interest in a portion of the settlement proceeds that will come from the lawsuit captioned Etherton v. Provost & Umphrey, et al, Index No.600818/07 Supreme Court of New York County, removed to District Court Southern District of New York ("Litigation"). You have previously acknowledged receipt of the Lien and Security Agreement and agreed to pay American Legal Funding, LLC/ALFund AZ1 LLC from the proceeds of my settlement. I have read the American Legal Funding, LLC/ ALFund AZ1, LLC Agreement and fully understand my obligations. I understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the conclusion of my case. This letter is simply further clarification of the mechanics of the payoff to American Legal Funding, LLC/ALFund AZ1 LLC .

At the time a settlement agreement is reached in the Litigation, I instruct you to immediately contact American Legal Funding, LLC/ALFund AZ1 LLC at 480-515-3698 to advise of the settlement providing them with the specific terms including when you anticipate receipt of funds. At that time, American Legal Funding, LLC/ALFund AZ1 LLC will inform you and I of the anticipated pay off amount. As soon as the settlement check clears your trust account, I irrevocably instruct you and your firm to pay American Legal Funding, LLC/ALFund AZ1 LLC the total amount owed as determined by ALF1 and as reflected in the American Legal Funding, LLC/ALFund AZ1 LLC lien documents for all funds advanced to me during the Litigation. You are not to pay any money to me until American Legal Funding, LLC/ALFund AZ1 LLC has been paid in full. These instructions are irrevocable and any attempt by me to alter or change these instructions shall be considered by you to void and a legal nullity. To the extent that there is any dispute regarding the amount owed to American Legal Funding, LLC/ALFund AZ1 LLC , I instruct you not to release any funds to me until the dispute is resolved. In the event that you or your firm no longer represents me, I instruct you to provide American Legal Funding LLC/ ALFund AZ1, LLC with applicable attorney information in order for them to protect their /lien. If the Settlement check is sent in my name, I hereby grant you limited power of attorney to endorse and deposit my check into your trust account and pay American Legal Funding, LLC/ ALFund AZ1, LLC in full before releasing any funds to me.

–2–                                        May 8, 2007

To the extent that any recording or filing requirements exist with regard to perfecting any such lien, I hereby waive any such requirements. It is my intention that American Legal Funding, LLC/ALFund AZ1 LLC be paid all amounts that they are due at the time my case is resolved. The total amount due will be calculated at the time the case resolves. If you above any questions, please give me a call.

Sincerely,

Rexford Etharton

Acknowledged:

Allen Wasserman

Allen Wasserman, Esq.          βκ

2

## SCHEDULE D - CLIENT FUNDING RECEIPT

On 05 / 07 / 200 7     I have received and accepted $50,000.00 less an over night fee of $50.00, cashiers check fee of $25.00 and a courier fee of $0.00.

For a net total of $49,925.00 from ALFund AZ1, LLC, as a check drawn on the Bank of America (check # _____ ).

I understand that by my accepting this check, this completes the advance funding obligation of ALFund AZ1 LLC (TRANSFEREE) to me, Rayford Etherton (TRANSFEROR) who acknowledges receipt and acceptance of the funds by signing below. I agree to pay or direct my legal representative to pay the total amount due ALFund AZ1 LLC without delay, within five (5) calendar days from the disbursement of the proceeds of my case Proceeding. I have reviewed and understand the potential fees involved, agree to these amounts and understand that there will be NO REDUCTIONS in the total amount that will be due at the successful end of my case.

**Sign Here**

_____                    _____
Signature of Rayford Etherton                           Allen C. Wasserman, Transferor's Attorney

**THE FOLLOWING TO BE COMPLETED OR VERIFIED BY Rayford Etherton**
SSN: 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
DOB: 07-30-1955
Mothers Maiden Name: Cassidy
Drivers License & State: _____ (attached photo copy required)
Current Address: 106 Central Park South
City, State & Zip: New York NY  10019
Current phone: 917-561-5741
Cell: ( ____ ) _____ _____   E-mail: rletherton@aol.com

By receiving this timely advance of cash it helped me solve the following problems:
_____ Kept me from losing my housing, car or other asset
_____ Kept me from losing my job
_____ Allowed me to get further medical treatment needed
_____ Gave me "staying power" to pursue the full value of my case

```
Other



```

Mr. Etherton's attorney: Allen C. Wasserman
Phone: 212-812-8308         Fax: 212-812-8366
Email: _____

Paralegal/Assistant Name: _____

## SCHEDULE "F"
## *CONFIRMATION OF LIEN AGREEEMENT DISCUSSION

Below find information that Rayford Etherton (**TRANSFEROR**) discussed with ALFund AZ1, LLC/ American Legal Funding, LLC (**TRANSFEREE**) and Lord, Bissell and Brook, LLP (attorney for **TRANSFEROR**) on or about 05/01/2007.

I understand:

1. (A-D). That my agreement with American Legal Funding, LLC is a Contingent, Consensual, Equity Lien & Security Agreement ("AGREEMENT") secured by an unpredictable future outcome.

☑ Agree          ☐ Disagree

1E. That with prior Notice to myself and my attorney that this AGREEEMENT is "Mature", "Legal" and enforceable under basic contract law.

☑ Agree          ☐ Disagree

2. That my attorney and I believe that I am mentally capable of entering into this Agreement.

☑ Agree          ☐ Disagree

3-4. That I agree with the fees and understand that my letter of instructions (Schedule "C" attached) to my attorney which directs him to pay American Legal Funding is irrevocable.

☑ Agree          ☐ Disagree

5. That American Legal Funding is not obligated to take any reduction in their fees at the end of my case unless no monies are received.

☑ Agree          ☐ Disagree

6. The following are reasons are why it necessary to request an advance on my case and why it is so important that I receive a cash advance towards my case at this time.

☐ Kept me from losing my housing, car or other asset

☐ Kept me from losing my job

☐ Allowed me to get further medical treatment needed

1

☑ Gave me "staying power" to pursue the full value of my case

☐ Other: _____

_____

☐ Also attached find my budget for the money requested

7. That American Legal Funding takes a substantial risk in advancing me money on my case, that they have absolutely no control over my case, the final settlement amount or timeline that it takes for my attorney to bring my case to close and that my fees are a result of those risks.

☑ Agree          ☐ Disagree

8. That if I change attorneys for any reason that I must notify American Legal Funding within 3 business days or before settling my case or I will be in breach of contract.

☑ Agree          ☐ Disagree

9. That American Legal Funding will take the necessary measures to perfect their liens and notify all applicable Insurance Companies.

☑ Agree          ☐ Disagree

10. I have not, nor am I planning on filing bankruptcy, nor will I assign my rights in this case to any other entity, including but not limited to a trust or will.

☑ Agree          ☐ Disagree

11. That American Legal Funding has exclusive rights to provide any future cash advance and any advances other than those from American Legal Funding obtained by me will be considered a breach of contract by myself and my attorney.

☑ Agree          ☐ Disagree

2

12. That I have reviewed this entire agreement with the assistance of my attorney, I have no further questions or concerns.

☐ Agree  ☐ Disagree

And I agree to perform to the term and conditions of this Agreement in this entirety.

☐ Agree  ☐ Disagree

13. Additional Attorney Confirmations

I have reviewed this Agreement in its entirety with my client and I am aware of the following:

- The irrevocable directions within Schedule "C" to pay ALFund AZ1, LLC the amounts as outlined in Schedule "A" in the Lien & Security Agreement.

- Any disputes will be subject to AAA procedures and in the event of a dispute the total amount in dispute must be held in my trust account until the dispute is resolved.

- I have an obligation to immediately notify American Legal Funding, LLC in the event that my firm no longer represents the client in order for ALFund AZ1, LLC to protect their interests.

**This confirmation of the Lien Agreement discussion between all parties is not intended to be all encompassing of the terms & conditions of the Agreement.

Date: 05/04/2007

By _____ Rayford Etherton

By _____ Lord, Bissell & Brook, LLP, Attorney for Transferor

STATE OF Alabama )
COUNTY OF Mobile )ss

On this 4 day of May, 2007, before me personally appeared the person(s) referenced above (Transferor and Attorney for Transferor) who signed the foregoing Schedule "F", Confirmation of Lien Agreement Discussion, known to me personally to be such, and acknowledged that the above is his/her act and deed, and that the facts stated herein are true.

My Commission Expires:
Notary Public State of Alabama at Large
My Commission Expires February 7th, 2010

Notary Public

Dated: ___/___/2007

By _____
On behalf of ALFund AZ1, LLC

Revised 1/07

3

# SCHEDULE E – NOTICE OF LIEN

# INTENTIONALLY OMITTED

Initial

Transferor
Transferee

# EXHIBIT 2

1  Donald R. Alvarez – 006160
   **ALVAREZ & GILBERT, PLLC**
2  14500 N. Northsight Blvd., Ste. 216
   Scottsdale, AZ 85260
3  Tel: 602-263-0203
   Fax: 480-686-8708
4
   Arbitrator
5
                    **THE ARBITRATION TRIBUNALS OF THE**
6
                    **AMERICAN ARBITRATION ASSOCIATION**
7
8  In the Matter of                                No. 76 148 00291 07 LOPE

9  AMERICAN LEGAL FUNDING,                          **FINAL AWARD**
10
                                                    **(Donald R. Alvarez, Arbitrator)**
11          Claimant,
   and                                              **(Jeffrey Engstrom, Case**
12 RAYFORD L. ETHERTON, JR.,                        **Administrator)**
13
            Respondent.
14

15         Pursuant to the **Commercial Arbitration Rules** of the American Arbitration

16 Association, proceedings were had before Arbitrator Donald R. Alvarez, including

17 Claimant's Motion for Summary Judgment, which the parties fully briefed, argued, and

18 supported their respective positions by way of Affidavits and Exhibits. After the

19 Arbitrator ruled in favor of Claimant on its Motion for Summary Judgment, the parties

20 were given an opportunity to advise the Arbitrator whether there existed any other issues

21 requiring an Evidentiary Hearing. Since neither party disclosed any additional issues, the

22 April 21, 2008 Evidentiary Hearing was vacated.

23         With respect to Claimant's request for an award of costs and attorneys' fees, the

24 Arbitrator has considered Claimant's Application and Respondent has advised he would

25 not respond thereto.

26         **THEREFORE, I, THE ARBITRATOR UNDERSIGNED,** having been

27 designated in accordance with the arbitration provisions of the Consensual Equity Lien

28 and Security Agreements executed by the parties, and having been duly sworn, having

fully reviewed and considered the written documents submitted by the parties, and having duly heard the proofs and allegations of the parties, **AWARD** as follows:

1.    Claimant AMERICAN LEGAL FUNDING, LLC/ALFund AZ1, LLC has a valid, subsisting and enforceable equitable lien upon Respondent's settlement proceeds arising from his claims against the law firms of: Provost & Umphrey Law Firm, LLP, Rubin, Winston, Diercks, Harris & Cooke, LLP, and Pinnacle Law Group, LLC, as settled in the U.S. District Court, District of Columbia, Case No. 1:07-cv-02314-JDB.

2.    Claimant is awarded as against Respondent the amount of $225,000.00, plus $10,000.00 per month accruing on the 9th day of each month following April 9, 2008, until paid.

3.    The administrative fees and expenses of the American Arbitration Association totaling $2.750.00, and the compensation and expenses of the Arbitrator totaling $5,810.00, shall be borne entirely by Respondent, Rayford L. Etherton. Therefore, Respondent shall pay to Claimant the additional sum of $8,560.00 **upon demonstration by Claimant that these incurred costs have been paid.**

4.    Claimant is awarded costs in the amount of $200.00 and attorneys' fees in the amount of $4,293.00, as against Respondent, together with interest thereon at the rate of 10% per annum from this date until paid.

**THIS AWARD IS IN FULL SETTLEMENT OF ALL CLAIMS SUBMITTED TO THIS ARBITRATION.**

DATED: _May 13_____, 2008.

_Donald R. Alvarez_
Donald R. Alvarez, Arbitrator

2

1  FOUR ORIGINALS mailed and
   COPY emailed this _13th_ day of
2  May, 2008, to:

3  Jeffrey Engstrom, Case Manager
   American Arbitration Association
4  6795 North Palm Ave., 2nd Floor
   Fresno, CA 93704
5  Engstromj@adr.org

6

7

8  By _Donald R Alvarez_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3