FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 1 5 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In the Matter of the Arbitration | * | Case No.: CV08-00990-PHX-ECV |
| Between | * | |
| American Legal Funding, L.L.C., | * | **PETITION TO CONFIRM** |
| Petitioner, | * | **ARBITRATION AWARD** |
| and | * | |
| Rayford L. Etherton, Jr., | * | |
| Respondent. | * | |

## RESPONSE OF RAYFORD L. ETHERTON, JR.

## TO APPLICATION FOR ENTRY OF DEFAULT

Respondent Rayford L. Etherton, Jr. (Etherton) responds as follows to the Application For Entry of Default.

Etherton moves to strike the Petitioner's Application For Entry of Default and thereby deny the relief requested therein. The Application, which is made pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, is not made in good faith: Etherton on October 14, 2008, by email and overnight delivery served an Answer and Affirmative Defenses on Petitioner's Counsel. Etherton thereafter filed by mail the same pleading. A copy of the pleading is attached hereto.

1

In any event, Rule 55(a) does not apply to the instant proceedings: as set forth in Etherton's Answer and Affirmative Defenses, the judgment is not for a sum certain.

Respectfully Submitted.

Rayford L. Etherton, Jr.

*Pro Se*

4723 Bit and Spur Road

Mobile, Alabama  36608

251.509.2445

rletherton@aol.com

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing pleading by mailing the same to Elan S. Misrahi, Esq., at Jennings, Haug & Cunningham, LLP, 2800 North Central Avenue, Suite 1800, Phoenix, Arizona  85004-1049.

Rayford L. Etherton, Jr.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In the Matter of the Arbitration | * | Case No.: CV08-00990-PHX-ECV |
| Between | * | |
| American Legal Funding, L.L.C., | * | **PETITION TO CONFIRM** |
| Petitioner, | * | **ARBITRATION AWARD** |
| and | * | |
| Rayford L. Etherton, Jr., | * | |
| Respondent. | * | |

**ANSWER AND AFFIRMATIVE DEFENSES**

**OF**

**RAYFORD L. ETHERTON, JR.**

Respondent Rayford L. Etherton, Jr. (Etherton) answers and responds as follows to the Petition to Confirm Arbitration Award.

1. As to the allegations of paragraph 1: Etherton is without knowledge or information sufficient to form a belief as to the truth of these allegations.

2. As to the allegations of paragraph 2: Admitted.

3. As to the allegations of paragraph 3: Etherton admits there is complete diversity between the parties and that more than $75,000, exclusive of

1

interest and costs, is at stake in this controversy; Etherton denies all allegations not specifically admitted.

4. As to the allegations of paragraph 4: Denied.

5. As to the allegations of paragraph 5: Etherton admits that, on or about April 2, 2007, and May 2, 2007, ALF and Etherton entered into agreements in writing for Consensual Equity Lien and Security (the "Agreements") wherein ALF agreed to provide Etherton—as an investment, not a loan—with a portion of his potential settlement that might result from a specifically identified lawsuit then pending in the State of New York, County of New York, against three law firms (CV 600818/07); Etherton denies all allegations not specifically admitted.

6. As to the allegations of paragraph 6: Etherton agrees paragraph 17 of the Agreements provides in pertinent part that "any and all disputes that may arise concerning the terms, conditions, interpretation or enforcement of this agreement shall be determined through arbitration pursuant to the Rules and Methods outlined by the American Arbitration Association in Arizona"; Etherton denies this provision applies in any way to the settlement reached months later by Etherton in a different lawsuit in a different forum than the New York state court action that was specified in the Agreements (specifically, a later lawsuit filed and settled in

2

the federal district court for the District of Columbia); Etherton denies all allegations not specifically admitted.

7. As to the allegations of paragraph 7: Etherton denies the dispute referenced in this paragraph was subject to the arbitration provision of the Agreements; Etherton admits it was, and is, his position that he has no obligation to ALF under the Agreements; Etherton admits it was, and is, his position that he has no obligation to ALF for proceedings other than the New York state court action specified in the Agreements; Etherton denies all allegations not specifically admitted.

8. As to the allegations of paragraph 8: because the Demand for Arbitration was filed on behalf of a corporate entity by an individual not authorized to practice law in the State of Arizona (and the corporate entity was aware of that fact), Etherton denies the arbitration proceedings were validly initiated, conducted, or resolved; Etherton denies the arbitration clause of the Agreements applied to any proceedings other than the New York state court action specified in the Agreements; Etherton admits he responded to ALF's summary judgment motion; Etherton admits the Arbitrator held oral argument on the motions on or about April 7, 2008, during which all parties appeared and participated; Etherton denies all allegations not specifically admitted.

9.  As to the allegations of paragraph 9: Admitted.

10. As to the allegations of paragraph 10: Admitted.

11. As to the allegations of paragraph 11: because the arbitration proceedings were not validly initiated, conducted or resolved, Etherton admits he has not voluntarily satisfied the arbitration award; Etherton denies ALF has an enforceable lien or other right arising under the Agreements against either him or any of the law firms named as defendants in the District of Columbia federal court action; Etherton denies all allegations not specifically admitted.

12. As to the allegations of paragraph 12: Denied.

13. As to the allegations of paragraph 13: Denied.

14. As to the prayer for relief: Etherton denies ALF is entitled to any of the relief requested in the Petition to Confirm Arbitration Award.

15. Etherton denies any allegation in the Petition to Confirm Arbitration Award not specifically admitted.

## AFFIRMATIVE DEFENSES

1.  The Agreements by their express terms apply only to an action (pending at the time the Agreements were signed) in the State of New York, County of New York, with a specified civil action number. The Agreements

4

define this action as the "Proceedings" and provide that the funds transferred to Etherton were an "investment" in those proceedings (and those proceedings only). Specifically, paragraph 4 of the Agreements provides as follows: "[Etherton] understands the above-mentioned advance of funds by [ALF] to be an investment, and not a loan. [ALF] acknowledges it is making an INVESTMENT in certain proceeds which may arise from settlement, judgment or other conclusion resulting from the **Proceedings** and as such, [ALF] understand[s] that if there is no payment or recovery of Proceeds by [ALF] of the **Proceedings** against the Defendant or others arising out of this or related to this **Proceedings,** [Etherton] will owe [ALF] no money." (bold emphasis supplied). Because there was no recovery in the Proceedings, ALF is not entitled to recoup any part of its investment.

Paragraph 5 of the Agreements makes clear ALF had an interest in only the Proceedings referred to therein: "The Parties acknowledge that this Agreement is expressly intended to transfer, convey and relinquish control over only a specified portion of the Proceeds which may flow from, and as a result of the Proceedings referred to above. This agreement is not an assignment of case, nor a purchase of any right, chose in action, cause of action, or claim which [Etherton] may have or possess as against any responsible party, respondent or defendant referred to herein."

5

Under the unambiguous language of the Agreements, ALF made an investment—period—in a pending lawsuit in the State of New York. Although Etherton incurred—and paid—over $50,000 in legal fee in connection with the New York action, that litigation did not result in a settlement or any other type of recovery. ALF's attempt to re-write the terms of the Agreements is an improper attempt to convert the investment into a loan, an assignment, or purchase of Etherton's rights.

2.  ALF's attempt through arbitration to collect the funds transferred to Etherton is the legal equivalent of seeking to convert the unequivocal investment into a loan with an illegal and unconscionable interest rate that also violates public policy. For example, according to Schedule A of the Agreements (attached as Exhibit 1 to the Petition), the interest purportedly owed by Etherton for the first month alone was $20,000 (on a $50,000 advance).

3.  By failing to intervene in the New York state court proceedings to protect its purported interest, failing to seek a declaratory judgment in an Arizona federal court, or otherwise initiating proceedings in federal court, ALF knowingly and intentionally waived its right to proceed against Etherton and is estopped from doing so here.

4. An individual not authorized to practice law in the State of Arizona filed the Demand for Arbitration in a representative capacity. As a result, the arbitrations proceedings are void *ab initio* and are of no legal effect.

5. The Arbitration Award is not for a sum certain. Instead, it is for an evolving sum that (i) includes an interest component of $125,000 (added to ALF's investment of $100,000) and (ii) purports to "increase" at the rate of $10,000 per month for an indefinite period of time with no specified "end-date." For these and other reasons, the award is not enforceable by this or any other Court. Moreover, enforcement of such an award under the circumstances presented here violates applicable banking and other laws, is unconscionable, and violates public policy.

6. Under the circumstances presented here, enforcement of the Arbitration Award violates public policy.

7. This Court lacks jurisdiction.

8. Venue is improper in this Court.

9. The Petition fails to state cause of action upon which relief can be granted.

                                                                    _____
                                                                    Rayford L. Etherton, Jr.
                                                                    *Pro Se*

4723 Bit and Spur Road

Mobile, Alabama  36608

rletherton@aol.com

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of this Answer And Affirmative Defenses of Rayford L. Etherton, Jr., by emailing the same to Elan S. Misrahi, Esq., at esm@jhc-law.com on Tuesday, October 14, 2008, and by overnight delivery, via Federal Express, on Wednesday, October 15, 2008, to Mr. Misrahi at Jennings, Haug & Cunningham, LLP, 2800 North Central Avenue, Suite 1800, Phoenix, Arizona  85004-1049.

                                                                    _____
                                                                    Rayford L. Etherton, Jr.